UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO. 6:22-cv-02158

HOWARD COHAN,

     Plaintiff,

v.

HOBBY LOBBY STORES, INC. d/b/a HOBBY LOBBY,

     Defendant.

_____/

## ANSWER

     Defendant, Hobby Lobby Stores, Inc. d/b/a Hobby Lobby, for its Answer to the Complaint of Plaintiff, Howard Cohan, asserts the following admissions, defenses, and denials:

     1.     Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

     2.     Defendant admits that venue is proper in this District.  Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

     3.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the same.

     4.     Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

     5.     Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

     6.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

     7.     Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

     8.     Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies the same.

13.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies the same.

14.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore denies the same.

15.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies the same.

16.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies the same.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.      Defendant reasserts its responses to Paragraphs 1-18 as if fully set forth herein.

20.     Defendant states that the Americans with Disabilities Act ("ADA") speaks for itself.

21.     Defendant states that the ADA speaks for itself.

22.     Defendant states that the ADA speaks for itself.

23.     Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendant states that the ADA speaks for itself.

28.     Defendant denies the allegations set forth in Paragraph 22 of the Complaint, including the sub-parts thereto.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant admits the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

34.     Defendant denies that Plaintiff is entitled to have his attorneys' fees, costs, and expenses paid by Defendant.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendant admits that this Court is vested with authority to grant Plaintiff's request for injunctive relief, but denies that Plaintiff is entitled to injunctive relief.

38.     Defendant denies that Plaintiff is entitled to any relief from Defendant.

39.     Defendant denies any allegation not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, because it fails to state a cause of action upon which relief may be granted and/or fails to allege sufficient facts necessary to state a claim.

### SECOND DEFENSE

Plaintiff's claims are barred because Defendant has substantially complied with any and all federal, state, or local statutes, regulations, constitutional provisions, common laws, or public policies and have caused no damage or injury to Plaintiff.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent Plaintiff is not disabled as defined by the ADA.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

### FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation or other periods of limitation.

### SIXTH DEFENSE

At all times relevant to this action, Defendant's actions were in good faith and it had reasonable grounds for believing those actions were not in violation of any law.

### SEVENTH DEFENSE

Plaintiff's demands are not readily achievable as that term is defined in Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iv).

## EIGHTH DEFENSE

Plaintiff's demands are not readily achievable, not reasonable, not required, and/or not technically feasible under the ADA, and would create an undue hardship for Defendant, and may be prevented by architectural and other factors such as municipal building codes and/or ordinances.

## NINTH DEFENSE

There is no causal connection between Defendant's action or inaction and any injury allegedly suffered by Plaintiff.

## TENTH DEFENSE

Plaintiff does not have a legitimate and/or bona fide intent to be a patron of Defendant's location identified in the Complaint other than for the purpose of pursuing litigation and therefore lacks standing to bring these claims.

## ELEVENTH DEFENSE

Plaintiff lacks standing to challenge the alleged barriers to access in areas of the subject property that he did not visit prior to filing his Complaint.

## TWELFTH DEFENSE

Plaintiff has not suffered and is not suffering irreparable harm and, as such, no injunctive or declaratory relief is warranted.

## THIRTEENTH DEFENSE

Plaintiff has failed to specify or demonstrate actual harm allegedly suffered as a result of Defendant's alleged violations of the ADA; as such, Plaintiff lacks standing to pursue his claims.

## FOURTEENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred because the alleged violations are *de minimis* and non-actionable, as they do not materially impair Plaintiff's use of the physical property at issue for their intended purpose. Defendant asserts that *de minimis* violations of federal regulations are not actionable or enjoinable.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate his damages and failed to meet conditions precedent to bringing this suit including, but not limited to, failing to provide Defendant with adequate notice of the alleged deficiencies and failing to give Defendant any reasonable opportunity to cure any alleged deficiencies prior to filing suit.

## SIXTEENTH DEFENSE

The modifications demanded by Plaintiff in this action constitute "fundamental alterations."

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the modifications Plaintiff seeks in this action are not "alterations" within the meaning of the ADA and/or they do not trigger an "alteration" legal standard because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

## EIGHTEENTH DEFENSE

Defendant asserts that it is not required to perform structural modifications in this action because the subject facility is constructed in accordance with conventional building industry standards.

**NINETEENTH DEFENSE**

Defendant asserts that the subject facility in this action is in substantial compliance with the structural access requirements of Title III of the ADA.

**TWENTIETH DEFENSE**

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that local ordinances or laws prevent any modifications that may be sought without approval of appropriate regulatory and/or zoning boards.

**TWENTY-FIRST DEFENSE**

Defendant asserts that barrier removal in this action is structurally impracticable.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred by the doctrine of equivalent facilitation, in that Defendant has utilized alternative designs and technologies that provide substantially equivalent or greater access to and usability of its buildings and facilities.

**TWENTY-THIRD DEFENSE**

Even if, assuming *arguendo*, Defendant has any duty to modify its premises, Defendant satisfied any such duty as, among other things, reasonable modifications were evaluated and/or reasonable alternatives were considered and/or implemented or provided, as expressly provided for by the ADA.

**TWENTY-FOURTH DEFENSE**

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent that any alleged violations are within recognized tolerances or variances and/or are in compliance with the oversight of all regulatory agencies.

## TWENTY-FIFTH DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent Plaintiff is requesting modifications to areas of Defendant's facility which is not public or open to the public.

## TWENTY-SIXTH DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, because Plaintiff's requested modifications would pose a direct threat and/or the current configuration of Defendant's premises is based on legitimate safety requirements.

## TWENTY-SEVENTH DEFENSE

Plaintiff may lack clean hands or possess an improper purpose in filing this action, thus barring equitable remedies. Plaintiff's primary motive in filing this action may be the generation of attorneys' fees and expert witness payments.

## TWENTY-EIGHTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees under the ADA to the extent Defendant has or will take appropriate measures to remedy the alleged barriers to access.

## TWENTY-NINTH DEFENSE

Defendant is relieved of any liability whatsoever as to Plaintiff's claims for damages set forth in the Complaint to the extent said claims arise solely from acts or omissions for which Defendant is not responsible.

## THIRTIETH DEFENSE

Defendant is immune to liability for some or all of the alleged accessibility barriers asserted by Plaintiff in his Complaint under applicable safe harbor provisions.

## THIRTY-FIRST DEFENSE

Plaintiff failed to provide notice to Defendant of any alleged barriers to access in order to allow an opportunity to correct any such deficiencies and, therefore, Plaintiff cannot support a claim for recovery of costs or attorneys' fees.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of mootness to the extent that the barriers alleged by Plaintiff, if there were any, have been or will be remediated at the time this action is finally adjudicated.

## THIRTY-THIRD DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent Plaintiff never made any request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Defendant's alleged failure to provide reasonable modifications or auxiliary aids or services.

## THIRTY-FOURTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes upon which Plaintiff's claims are based.

## THIRTY-FIFTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred by Plaintiff's failure to state a clear and concise statement of the alleged claims, including, without limitation, Plaintiff's failure to state a date or dates on which he allegedly encountered barriers at the physical property at issue.

## THIRTY-SIXTH DEFENSE

Any allegedly wrongful acts or omissions performed by Defendant or their agents, if any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disabilities by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

## THIRTY-SEVENTH DEFENSE

Plaintiff's Complaint and the causes of action alleged therein are barred to the extent that Plaintiffs' claims are subject to the doctrines of res judicata and/or collateral estoppel based on Plaintiff's prior actions or litigation.

Respectfully submitted,

/s/ Mendy Halberstam
Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ Mendy Halberstam
Mendy Halberstam, Esq.

**SERVICE LIST**

**United States District Court for the Middle District of Florida**
**West Palm Beach Division**
*Howard Cohan v. Hobby Lobby Stores, Inc. d/b/a Hobby Lobby*

**CASE NO. 6:22-cv-02158**

Gregory S. Sconzo, Esq.
Florida Bar No. 0105553
E-mail: greg@sconzolawoffice.com
Samantha L. Simpson, Esq.
Florida Bar No. 1010423
E-mail: samantha@sconzolawoffice.com
SCONZO LAW OFFICE, P.A.
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459

*Attorneys for Plaintiff*

Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: mendy.halberstam@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Attorneys for Defendant*